**Francis HANNON and Sean Milliken, Appellants**

v.

**TRANSCOR, Appellee.**

**No. 03–7145.**

United States Court of Appeals, District of Columbia Circuit.

Aug. 2, 2005.

Francis Hannon, Reg. No. 27062, South Walpole, MA, pro se.

Sean Milliken, Reg. No. C–57799, SHIRLEY, MA, pro se.

Mary Larkin Wilson, Asst. Atty. General, Edward Eugene Schwab, Dep. Atty. Gen., Office of Attorney General for the District of Columbia (Appellate Division), Mary Larkin Wilson, Asst. Atty. General, Edward Eugene Schwab, Dep. Atty. Gen., Frank Robert Volpe, Sidley Austin Brown & Wood, Washington, DC, for Appellee.

Before RANDOLPH, ROGERS, and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

ORDERED AND ADJUDGED that the district court's order filed September 26, 2003, be affirmed as to the remaining appellee, Transcor. In considering whether the plaintiff has stated a claim for liability under 42 U.S.C. § 1983, the court first must determine whether the complaint states a claim for a constitutional violation, and if so, whether the defendant is responsible for that violation. *See Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C.Cir.2003). We agree with the district court that the first part of this test was not met; therefore, we do not reach the second part of the inquiry, applying the standards for a claim of municipal liability. To maintain a claim for denial of access to the courts, an inmate must demonstrate " 'actual injury,' that is, the inmate must show that an 'actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented.' " *Ali v. District of Columbia*, 278 F.3d 1, 8 (D.C.Cir. 2002) (quoting *Lewis v. Casey*, 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Appellant Francis Hannon was the only plaintiff asserting a claim against Transcor before the district court; he alleged neither that he actually lost any otherwise valid legal claim nor that he was unable to raise such a claim in any other proceeding. *See Ali*, 278 F.3d at 8; *Chris-*

*topher v. Harbury*, 536 U.S. 403, 416–18, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). Accordingly, the district court correctly determined that Appellant Hannon failed to state a claim upon which relief could be granted.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.