**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-1212

FRANCIS HANNON,

Plaintiff, Appellant,

RAYMOND COOK; SEAN MILLIKEN; WAYNE D. CROSBY; LAWRENCE M. MCARTHUR; KEVIN KING; HENRY LAPLANTE; WILLIAM WHYTE; CHRISTOPHER DEMARCO; ANGEL PIMENTAL; JOSEPH LODICO; STEVEN BALSAVICH,

Plaintiffs,

v.

MICHAEL T. MALONEY, PETER ALLEN; KRISTIE LADOUCEUR; KENNETH DEORSEY; PAUL DUFORD; JEFFREY GRIMES; RICHARD MEDEIROS; GILBERT LEMON, II; JOHN DOES 1-50; JEFFREY BEARD; MARY JANE HESSE; FREDERICK CALLENDAR; RICHARD MCARTHUR; JAMES V. SULLIVAN; GARY FYFE; ROBERT KOLBER; HERBERT BERGER-HERSHKOWITZ; MASSACHUSETTS DEPARTMENT OF CORRECTIONS,

Defendants, Appellees,

CLARK COLOR LAB; D.S.U. GUARD; VINCENT MOONEY

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Boudin, Chief Judge,
Lynch, Circuit Judge,
and Schwarzer,[*] District Judge.

[*]Of the Northern District of California, sitting by designation.

Matthew J. Matule with whom David S. Clancy and Benjamin L. Mack were on brief for appellant.

Thomas W. Corbett, Jr., with whom Claudia M. Tesoro with whom Calvin R. Koons and John G. Knoor, III were on brief, for appellees.

_____

September 27, 2007

_____

**Per Curiam**. Hannon appeals from the denial of his emergency motion for a temporary restraining order enjoining defendants from involuntarily transferring Hannon from the custody of the Massachusetts or Pennsylvania Department of Corrections to any other state.  The district court found that Hannon had not shown that he would suffer irreparable harm from such a transfer.  We find no abuse of discretion.  Nor is it apparent that Hannon has established a likelihood of success on the merits; whatever restrictions Hannon's transfers impose on his exercise of First Amendment rights may well have been within the supervisory responsibilities of the prison authorities.  See; Gomes v. Fair, 738 F.2d 517 (1st Cir.1984)(holding that the decisions of prison administrators on matters of security and discipline are entitled to wide-ranging deference).  See also; Hazen v. Reagen, 16 F.3d 921, 926 (8th Cir.1994)(inmate has no reasonable expectation that he will be incarcerated at any particular prison).

The issue of the court's jurisdiction is before the court in a separate appeal.

AFFIRMED.