661 F.Supp.2d 87 (2009)
Francis HANNON, et al. Plaintiffs,
v.
Jeffrey BEARD, et al., Defendants.
Civil Action No. 06-10700-NMG.
United States District Court, D. Massachusetts.
September 16, 2009.
Francis Hannon, Trenton, NJ, pro se.
Raymond Cook, Shirley, MA, pro se.
Jose Alves, Bridgewater, MA, pro se.
*88 Sean Milliken, Bridgewater, MA, pro se.
Wayne Crosby, Bridgewater, MA, pro se.
John Stote, Shirley, MA, pro se.
Lawrence McArthur, Gardner, MA, pro se.
Steven Balsavich, Trenton, NJ, pro se.
Miguel Moure, Shirley, MA, pro se.
Marlon Holmes, Shirley, MA, pro se.
Michael Vincent, Shirley, MA, pro se.
Edward Keith, Shirley, MA, pro se.
Eduardo Oliveras, Shirley, MA, pro se.
Johnny S. Rivera, Shirley, MA, pro se.
Myles R. Miranda, South Walpole, MA, pro se.
Shane W. Catanzaro, Shirley, MA, pro se.
Christopher Demarco, Bridgewater, MA, pro se.
Victor Sandiford, Shirley, MA, pro se.
Kenji Drayton, Shirley, MA, pro se.
Michael Mauney, Shirley, MA, pro se.
David Myland, Shirley, MA, pro se.
David Morgan, Shirley, MA, pro se.
Justin Gaouette, Shirley, MA, pro se.
J. Eric Palo, Norwich, CT, pro se.
Louis Luiz, Shirley, MA, pro se.
Mark Mylett, Shirley, MA, pro se.
Robert Beauparlant, Bridgewater, MA, pro se.
George Awad, Shirley, MA, pro se.
William Barnowski, Shirley, MA, pro se.
Anthony Barry, Shirley, MA, pro se.
Daniel Holland, Shirley, MA, pro se.
Carlo Montefusco, Shirley, MA, pro se.
Juan P. Alicea, Shirley, MA, pro se.
George Burns, Central Falls, RI, pro se.
Roger G. Leblanc, Shirley, MA, pro se.
Kevin Beauchamp, Shirley, MA, pro se.
Steven Plavetsky, Shirley, MA, pro se.
Robert John Dajda, Bridgewater, MA, pro se.
Glen Bovat, Norfolk, MA, pro se.
Allan Phillips, Griswold, CT, pro se.
Gwendolyn T. Mosley, Office of Attorney General, Harrisburg, PA, Sheryl F. Grant, Commonwealth of Massachusetts, Department of Correction, Douglas I. Louison, Robert A. Stewart, Louison, Costello, Condon & Pfaff, LLP, Boston, MA, Meredith M. Lasna, Morrison, Mahoney & Miller, LLP, Springfield, MA, for Defendants.

MEMORANDUM & ORDER
GORTON, District Judge.
In this prisoner civil rights suit, the plaintiffs have moved the Court to reconsider 1) its dismissal of three of the defendants for lack of personal jurisdiction and 2) its denial of their motion to have counsel appointed to represent them.

I. Background

The plaintiffs in this case are 40 prisoners who filed suit pro se on April 11, 2006, against 63 defendants, most of whom are prison officials, to challenge the physical conditions of their confinement at the Souza Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts. They allege that SBCC is "environmentally unsafe" because 1) fumes from unlabeled cleaning chemicals, second-hand smoke and other toxic materials waft through the vents, 2) the air at SBCC is otherwise contaminated by soot and mold and lacks adequate ventilation, 3) human waste water floods the floors and walls of some parts of the prison and 4) the drinking water at SBCC is contaminated. They *89 also allegedly are allowed to spend only a limited amount of time outside, thus making their access to fresh air and vitamin D inadequate. They claim to suffer from a host of respiratory ailments as well as headaches, dizziness, skin irritations, high blood pressure and other ailments.
As part of this suit, one plaintiff in particular, Francis Hannon ("Hannon"), has sued Pennsylvania Governor Edward Rendell ("Rendell"); Jeffery A. Beard ("Beard"), Secretary of the Pennsylvania Department of Corrections ("Pennsylvania DOC"); and Jennifer Hendricks ("Hendricks"), the Director of Interstate Transfers for the Pennsylvania DOC (collectively "the Pennsylvania defendants"). Hannon was convicted in the Commonwealth of Pennsylvania in 1978. Upon sentencing he was placed in the custody of the Pennsylvania DOC. He proceeded to file numerous grievances and lawsuits challenging the conditions of his confinement. In 1997, Hannon was transferred out of Pennsylvania to a prison in the District of Columbia and then transferred back in 2001. Less than one month later he was transferred to a Maryland prison and then back to Pennsylvania. About six months later, Hannon was transferred to MCI-Cedar Junction in South Walpole, Massachusetts and three years later was transferred to SBCC.
Hannon alleges that his transfer out of Pennsylvania by the Pennsylvania defendants subjected him to the allegedly inhumane conditions at SBCC described above. Beard and Hendricks apparently exchanged letters with Rheault of the Massachusetts DOC concerning the transfer of Hannon. Some of Hannon's belongings and other prisoners' "legal material/evidence" then in Hannon's possession were allegedly "confiscated" during the transfer. Those allegedly affected prisoners assert claims pursuant to 42 U.S.C. § 1983 and certain provisions of the Declaration of Rights in the Massachusetts Constitution against the Pennsylvania defendants.
On September 10, 2007, the Pennsylvania defendants filed a motion to dismiss which the Court allowed upon the report and recommendation of United States Magistrate Judge Marianne B. Bowler. Hannon appealed the order of dismissal and thereafter filed in this Court a motion for reconsideration of that same order and a motion to have counsel appointed. On May 8, 2009, the Court denied both of those motions, finding that it lacked jurisdiction to decide them because the case was on appeal. On May 20, 2009, the mandate of the First Circuit Court of Appeals, which had been entered on April 8, 2009, was posted on the docket for this case. That mandate dismissed the appeal because the order of dismissal did not dispose of all claims against all parties and thus was not immediately appealable.
Hannon has now filed another motion for reconsideration of the order of dismissal and of the denial of his motion for appointment of counsel. The other procedural intricacies in this case, of which there are many (all irrelevant), are set forth in this Court's memorandum and order dated May 8, 2009.

II. Analysis

It appears that, despite its belief to the contrary due to the late docketing of First Circuit's mandate, the Court did have jurisdiction over Hannon's original motion for reconsideration and his motion for appointment of counsel when it issued its order dated May 8, 2009. At that time, the case was no longer on appeal before the First Circuit. Therefore, Hannon's motion for reconsideration of the Court's denial of those motions for lack of jurisdiction will be allowed and those motions are accordingly addressed below.

*90 A. Motion for Reconsideration of the Court's Allowance of Pennsylvania Defendants' Motion to Dismiss
The recommendation of the magistrate judge, subsequently adopted by this Court, to dismiss the claims against the Pennsylvania defendants for lack of personal jurisdiction was based heavily upon Cook v. Maloney, No. 03-12138, 2007 WL 1858672 (D.Mass. June 6, 2007). That case has since been reversed in relevant part by the First Circuit Court of Appeals based upon the specific facts of this case. See Hannon v. Beard, 524 F.3d 275, 285-86 (1st Cir.2008).
In that case, the First Circuit determined that another session of this Court had personal jurisdiction over Beard based upon Beard's conduct in effectuating Hannon's transfer from Pennsylvania to Massachusetts. Beard, 524 F.3d at 281-86. The First Circuit noted that out-of-state transfers between prisons are carried out pursuant to the Interstate Corrections Compact which required Beard, as Secretary of the Pennsylvania DOC, to take various steps including sending an application for a prisoner transfer and arranging Hannon's transportation to Massachusetts. Beard, 524 F.3d at 280-81. The First Circuit concluded that those steps were sufficient to constitute "transact[ing] business" under the Massachusetts long-arm statute and that the exercise of personal jurisdiction over Beard for that reason comported with the requirements of due process. Beard, 524 F.3d at 281-85.
Therefore, the reasoning in the magistrate judge's report and recommendation is no longer legally valid with respect to Beard. The same may be true with respect to Hendricks because she had a similar level of involvement in Hannon's transfer as did Beard. There is no evidence, however, that Rendell had any involvement.
Regardless of whether personal jurisdiction exists over the Pennsylvania defendants, however, this case may not proceed against them because it is barred under the principles of sovereign immunity guaranteed by the Eleventh Amendment of the Constitution.[1] Sovereign immunity protects states and state officers acting in their official capacity from lawsuits for money damages except where the state has waived immunity or Congress has abrogated it. Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Congress has not abrogated sovereign immunity in civil rights cases brought under 42 U.S.C. § 1983, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), and Pennsylvania has expressly declined to waive it, 42 Pa. Cons.Stat. § 8521(b).
Similarly, with respect to civil rights cases brought under the Massachusetts Constitution, its courts have determined that the state legislature has not abrogated sovereign immunity, Commonwealth v. ELM Med. Labs., Inc., 33 Mass. App.Ct. 71, 596 N.E.2d 376, 380 (1992), and this Court is aware of no waiver of that immunity. Accordingly, although perhaps not for the applicable reasons, the claims against the Pennsylvania defendants were properly dismissed and this Court will not reverse its prior decision in that respect.

*91 B. Motion for Appointment of Counsel

1. Legal Standard
Civil litigants have no constitutional right to counsel. Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir.1986). A district court has discretion, however, to appoint counsel to indigent civil litigants in "exceptional circumstances" based upon the kind and complexity of factual and legal issues involved and the ability of the individual bringing it 1) to conduct whatever factual investigation is necessary and 2) to present his or her case. Id. at 2-3.

2. Application
"Exceptional circumstances" warranting the appointment of counsel for the plaintiffs are lacking in this case. As current and/or former inhabitants of SBCC, the plaintiffs are well-positioned to be intimately familiar with the prison's living conditions and with the injustices allegedly inflicted upon them by prison officials. Thus, the plaintiffs do not require an attorney's services to conduct the factual investigation for this case. The fact that the 40 plaintiffs chose to file a lawsuit collectively and, as prisoners now housed at different facilities, encounter difficulties communicating with one another does not, as they suggest, create the necessity of legal representation. Moreover, their case does not present highly unique or novel questions of law.
In addition, Hannon has filed numerous lawsuits with respect to issues similar to those presented here and has gained substantial familiarity with the legal system as a "jailhouse lawyer" (assisting other prisoners to file grievances and lawsuits). See, e.g., Hannon v. Beard, 524 F.3d 275 (1st Cir.2008) (stating that "Hannon estimates that he has represented `thousands' of his fellow inmates in proceedings"); Hannon v. Maloney, 242 Fed.Appx. 712 (1st Cir. 2007); Hannon v. Transcor, 161 Fed. Appx. 20 (D.C.Cir.2005); Hannon v. Allen, 241 F.Supp.2d 71 (D.Mass.2003); Hannon v. Terra, No. 94-2845, 1995 WL 134813 (E.D.Pa. Mar. 29, 1995); Hannon v. Speck, No. 87-4999, 1988 WL 131364 (E.D.Pa. Dec. 6, 1988). Indeed, the complaint in this case exhaustively describes the legal assistance Hannon has rendered to other plaintiffs. Thus, counsel will not be appointed to represent the plaintiffs.

ORDER
In accordance with the foregoing, plaintiffs' motion for reconsideration of the Court's memorandum and order dated May 8, 2009 (Docket No. 253) is ALLOWED but that order 1) denying their motion for reconsideration of the dismissal of the Pennsylvania defendants (Docket No. 248) and 2) denying their motion for appointment of counsel (Docket No. 249) is affirmed.
The operative complaint in this case (Docket No. 130) will be submitted to the Pro Se Staff Attorneys for preliminary screening.
So ordered.
NOTES
[1] An argument based upon sovereign immunity was offered by the defendants in the memorandum supporting their motion to dismiss but was not considered by the magistrate judge because an alternative reason for dismissal (i.e., lack of personal jurisdiction) was adopted.